# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV00069LD

Catherine Cook ......................................................................, Plaintiff(s)

v.

George Tseliodis ......................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Joseph B. Green, Esq., Kotin, Crabtree & Strong, LLP plaintiff's attorney, whose address is One Bowdoin Sq., 8th Fl., Boston, MA 02114, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Essex Superior Court - Lawrence, 43 Appleton Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                          , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___ .

N.B.  TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

_____, 20___ .

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV00691D

Catherine Cook
Plaintiff(s)

v.

George Tseliodis
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.   SUPERIOR COURT

CIVIL ACTION NO. 2077CV00691D

FILED ESSEX SUPERIOR COURT 2020 JUL 17 P 1:30

| | |
|---|---|
| CATHERINE COOK | ) |
| Plaintiffs, | ) |
| v. | ) |
| GEORGE TSELIODIS, | ) |
| Defendant. | ) |

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to the provisions of Mass.R.Civ.P. 4(c), Plaintiff Catherine Cook respectfully requests that the Court appoint Michael B. Fixman, Alan Bishop, Philip D. Fixman and Daniel P. Kochakian of Michael B. Fixman & Associates, 14 Norwood Street, Everett, MA 02149 to effect service of process on the defendant in Massachusetts in the above-captioned matter. Please note all of the above individuals are over the age of 18 and are not a party to this action.

Respectfully submitted,

PLAINTIFF CATHERINE COOK

By her attorneys,

/S/ *Joseph B. Green*
Joseph B. Green, BBO # 209040
jgreen@kcslegal.com
Carl A. Misitano, BBO # 703725
cmisitano@kcslegal.com
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

Date:  July 16, 2020

*[handwritten margin note: 7/17/2020 Kaplan J. Motion allowed. Attest: Person first copy to Clerk]*

*[stamp: A TRUE COPY ATTEST, Antonietta McDonagh, DEPUTY ASST. CLERK]*

COPY

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2077CV006911 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Catherine Cook | | COUNTY: Essex |
| ADDRESS: 6 Hammett St. Ipswich MA 01938 | | |
| | DEFENDANT(S): George Tsellodis | |
| ATTORNEY: Joe Green and Carl A. Misitano | | |
| ADDRESS: Kotin, Crabtree & Strong, LLP | ADDRESS: 438 W 116th St., Apt 54, NY, NY 10027 | |
| One Bowdoin Square, Boston, MA 02114 | | |
| BBO: 209040 and 703725 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor vehicle negligence - personal injury | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $
2. Total doctor expenses .................................................. $
3. Total chiropractic expenses ......................................... $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe below) ........................ $
   Subtotal (A): $

B. Documented lost wages and compensation to date ........ $
C. Documented property damages to date ........................ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe below) .... $

FILED ESSEX SUPERIOR COURT 2020 JUL 17 P 1:30

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Cervical strain, left knee contusion, left patella fracture, torn lateral meniscus, torn medial meniscus.

Plaintiff is still calculating expenses for medical care, future medical care, lost wages, and other associated damages.

TOTAL (A-F): $ TBD

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X  /S/ *Joseph B. Green*    Date: Jul 16, 2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  /S/ *Joseph B. Green*    Date: Jul 16, 2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE



**AC Actions Involving the State/Municipality ***

- AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

**CN Contract/Business Cases**

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c.231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action Involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10 §28 (X)

**AB Abuse/Harassment Prevention**

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c.249 §4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
- E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149 §§29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12 §11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123 §9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E95 Forfeiture, G.L. c.94C §47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B (F)
- Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

- E12 SDP Commitment, G.L. c. 123A §12 (X)
- E14 SDP Petition, G.L. c. 123A §9(b) (X)

**RC Restricted Civil Actions**

- E19 Sex Offender Registry, G.L. c.6 §178M (X)
- E27 Minor Seeking Consent, G.L. c.112 §12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [X] YES    [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**



## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION NO.
2077CV00691D

CATHERINE COOK )
)
Plaintiffs, )
)
v. )
)
GEORGE TSELIODIS, )
)
Defendant. )

FILED
ESSEX SUPERIOR COURT
2020 JUL 17 P 1:30

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff Catherine Cook ("Ms. Cook") brings this action to recover for the injuries she suffered as a result of George Tseliodis' ("Mr. Tseliodis") negligence when the he failed to yield to oncoming traffic when he made a left turn across the travel lane colliding with Ms. Cook's vehicle in the intersection of Newburyport Turnpike and Central Street in Rowley, MA on July 21, 2017.

### PARTIES

1. Plaintiff Catherine Cook ("Ms. Cook") is a resident of Ipswich, Essex County, Massachusetts.

2. Defendant George Tseliodis ("Mr. Tseliodis") is a resident of New York City, New York.

### FACTS APPLICABLE TO ALL COUNTS



3. On July 21, 2017, at approximately 6:15 PM Ms. Cook was driving North on Newburyport Turnpike in Rowley, Massachusetts.

4. Ms. Cook was operating her 2000 Dodge Intrepid.

5. On July 21, 2017 it was a clear day, the road was dry and there were no adverse road conditions.

6. Mr. Tseliodis was driving a 2017 Hyundai sedan that he had rented from Hertz Rental Cars.

7. Mr. Tseliodis was driving his vehicle in the South band lane of Newburyport Turnpike in Rowley, Massachusetts.

8. Mr. Tseliodis attempted to make a left-hand turn onto Central Street.

9. Mr. Tseliodis failed to yield to Ms. Cook as she entered the intersection and Ms. Cook struck the passenger side of his vehicle.

10. Upon exiting his vehicle, Mr. Tseliodis apologized to Ms. Cook for failing to yield.

11. Sergeant David McMullen of the Rowley Police Department arrived at the scene and documented the incident in a motor vehicle crash police report.

12. When Sergeant McMullen arrived, Mr. Tseliodis told the officer that he saw Ms. Cook's vehicle approaching in the opposite direction but thought he could complete his turn across her travel lane in time; Mr. Tseliodis further stated that he made a mistake in his judgment.

13. Sergeant McMullen issued Mr. Tseliodis a citation at the scene for failure to yield to oncoming traffic while turning left.

14. Mr. Tseliodis failed to operate his vehicle with due care.

2

Case 1:20-cv-11907-IT Document 1-1 Filed 10/22/20 Page 9 of 12



15. After the collision, Ms. Cook was transported to Anne Jacques Hospital and was diagnosed with a cervical strain and a left knee contusion.

16. Following her release form the hospital, Ms. Cook experienced episodes of pain in her left knee that worsened by walking or climbing stairs.

17. Ms. Cook's ongoing knee pain would frequently wake her from sleep and prevent her from returning to sleep.

18. Ms. Cook saw Dr. Kenneth Glazier, an orthopedic surgeon with Seacoast Orthopedic Associates, to diagnose and treat this knee injury.

19. Dr. Glazier diagnosed Ms. Cook with a left patella fracture and after her injury did not respond positively to rest and non-operative treatment, including physical therapy, Dr. Glazier ordered an MRI.

20. The MRI revealed a tear in the anterior horn of Ms. Cook's lateral meniscus.

21. Dr. Glazier performed a surgery to repair the tear and during the operation he found that the damage was more extensive than the initial MRI had revealed.

22. In addition to the tear of Ms. Cook's lateral meniscus, during surgery Dr. Glazier also found a medial meniscal tear that he then repaired.

23. At the time of the incident, Ms. Cook was an employee on the candy assemble line at Winfrey's Fudge & Chocolates.

24. This job required her to stand for long periods of time and no alterations could be made to accommodate her injury.

25. Ms. Cook struggled to work through the pain, using a knee brace and requiring frequent breaks.

3

COPY

26. Due to the injury and the necessary medical treatments Ms. Cook was unable to work from August 13, 2018 to September 7, 2018 and again from September 23, 2018 to September 29, 2018. She was then terminated from her position and was unable to find employment until March 4, 2019.

27. As a direct and proximate result of the Mr. Tseliodis' negligence, Mrs. Cook suffered significant injuries including a cervical strain, a left patella fracture, a lateral meniscus tear in her left knee, a medial meniscus tear in her left knee, anxiety, and depression.

28. After the incident Ms. Cook suffered from persistent knee pain and difficulty sleeping.

## COUNT I
### (Negligence)

29. Plaintiff incorporates by reference paragraphs 1 through 28, above.

30. Defendant Mr. Tseliodis owed Ms. Cook a duty to exercise reasonable care in operating his vehicle.

31. The defendant was negligent and breached his duty to exercise reasonable care in the operation of his vehicle.

32. As a direct and proximate result of the defendant's negligence, Ms. Cook suffered and continues to suffer the damages described in paragraphs 14 through 29, above.

THEREFORE, the plaintiff requests that this Court:

(a) Enter judgment in their favor against the defendant and in an amount warranted by the evidence at trial; and

(b) Award such other and further relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES.



Respectfully submitted,

PLAINTIFF CATHERINE COOK

By her attorneys,

/S/ *Joseph B. Green*
Joseph B. Green, BBO # 209040
jgreen@kcslegal.com
Carl A. Misitano, BBO # 703725
cmisitano@kcslegal.com
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

Date: July 16, 2020

5

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2077CV00691 D | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|
| CASE NAME:<br>Cook, Catherine vs. Tseliodis, George | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: George Tseliodis | | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/15/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/16/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/16/2020 | 12/14/2020 | 01/13/2021 |
| All motions under MRCP 15 | 11/16/2020 | 12/14/2020 | 01/13/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 05/13/2021 | | |
| All motions under MRCP 56 | 06/14/2021 | 07/12/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/09/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/18/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to Session "D" in Lawrence Superior Court

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/17/2020 | Debra Vernava | (978)242-1900 |

Date/Time Printed: 07-17-2020 14:33:17                           SCV026\ 08/2018