UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE COOK,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 20-cv-11907-IT<br>*<br>*<br>* |

MEMORANDUM & ORDER

January 29, 2021

TALWANI, D.J.

On July 17, 2020, Plaintiff Catherine Cook filed an action against George Tselioudis in Essex County Superior Court alleging that Mr. Tselioudis negligently injured Plaintiff in a motor vehicle accident. See Certified State Court Record 5–9 [#8-1]. On October 22, 2020, the United States removed the action to this court and filed an unopposed Motion to Substitute [#3] the United States for Mr. Tselioudis pursuant to 28 U.S.C. § 2679(d)(2), which the court allowed. See Order [#14].

On October 29, 2020, the government filed a Motion to Dismiss [#6] on two grounds. First, the government contended that the court does not have subject-matter jurisdiction because Plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Second, the government argued that Plaintiff has failed to state a claim for relief since the allegations are time-barred under the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b). In opposition, Plaintiff acknowledged that she had not pursued her administrative remedies provided under FTCA but argued that she should be excused from the exhaustion requirement and the two-year statute of limitations because the

untimeliness was due to "acts of omission amounting to fraudulent concealment" by a third party. Pl.'s Opp'n 2 [#11]. On reply, the government advocated that the dismissal be without prejudice. Def.'s Reply [#16].

While Plaintiff's argument that she missed the two-year deadline due to no fault of her own may ultimately raise the question of whether her time to bring this action should be extended, Plaintiff has presented no authority by which the court may set aside Congress's plain directive that an FTCA "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate . . . agency and h[er] claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 112 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Because the court concludes that Congress has not granted this court jurisdiction to adjudicate Ms. Cook's FTCA claim until the appropriate administrative agency has denied her claim, the government's Motion to Dismiss [#6] without prejudice for lack of subject-matter jurisdiction is GRANTED.

IT IS SO ORDERED.

Date: January 29, 2021

/s/ Indira Talwani
United States District Judge